W. M. BUNN AND JOHN ANDERSON v. CHARLES F. DUNN.
W. C. REDDING ET UX. v. CHARLES F. DUNN.
CHARLES F. DUNN v. WILL LYNCH AND SULA LYNCH.

(Filed 14 March, 1923.)

**Appeal and Error—Assignments of Error—Records—Briefs—Rules of Court—Dismissal.**

Appellant is required to set out his assignments of error in the record, and discuss them in his brief, or they will not be considered by the Supreme Court on appeal, under the rules regulating appeals.

APPEALS by Charles F. Dunn from *Cranmer* and *Lyon, JJ.*, at August and November Terms, 1922, and January Special Term, 1923, of LENOIR.

*Cowper, Whitaker & Allen for Bunn and Anderson.*
*Cowper, Whitaker & Allen for Redding and wife.*
*Dawson & Wallace for Lynch and wife.*
*Charles F. Dunn, in propria persona, for appellant.*

STACY, J. On 1 August, 1922, W. M. Bunn and John Anderson commenced an action against Charles F. Dunn to have a certain alleged tax deed, issued to the defendant by the sheriff of Lenoir County, declared inoperative and void, and to remove same as a cloud on plaintiffs' title. Defendant filed answer, and at the August Term, 1922, he applied to the court for the appointment of a receiver to take charge of the premises, etc., upon the ground that the civil issue docket was congested and that the present case, in all probability, would not be reached for trial under about two years. His Honor, Cranmer, J., found that W. M. Bunn was amply solvent, and declined to appoint a receiver. From this order the defendant Charles F. Dunn appealed.

The record is silent as to when the case of *Charles F. Dunn v. William Lynch and Sula Lynch* was instituted; but at the October Term, 1922, the plaintiff therein, Charles F. Dunn, applied to the court for the appointment of a receiver upon the same grounds a similar application was made in the case of *Bunn and Anderson v. Dunn.* The motion was continued from the October Term to the November Term, 1922, at which time his Honor, Cranmer, J., found that the appointment of a receiver was unnecessary, and hence declined the application. From this order the plaintiff Charles F. Dunn appealed.

On 16 June, 1921, W. C. Redding and wife, Marcidie Redding, commenced an action against Charles F. Dunn to have a certain alleged tax deed, issued to the defendant by the sheriff of Lenoir County, declared inoperative and void, and to remove same as a cloud on plaintiffs' title. This cause came on for hearing before his Honor, Lyon, J., at the January Special Term, 1923, and was submitted on an agreed statement of facts. Upon the facts agreed, his Honor found that the defendant's tax deed was void and of no effect. Judgment was rendered for the plaintiffs. The defendant Charles F. Dunn gave notice of appeal.

Charles F. Dunn, representing himself, and wishing to appeal in these three cases from orders and judgments rendered by the Superior Court of Lenoir County, has docketed here a single record containing the pleadings, orders, judgments, and affidavits in all three cases; and, in the same record, three briefs have been inserted by the appellant. There are no assignments of error appearing on the record, and no exceptions are discussed in the briefs. In the case of *Bunn and Anderson v. Dunn* there is no proper statement of case on appeal. In each of the others it was adjudged that the record proper should constitute the statement of case on appeal.

On motion of appellees, we are compelled to dismiss the appeal in each case for noncompliance with the rules. The irregularities are too patent to admit of discussion.

Appeal dismissed.